

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

          v.                                       21-CR-53-WMS

DAVID MONDORE,

                Defendant.

_____

## PLEA AGREEMENT

The defendant, DAVID MONDORE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Sections 1030(a)(4) and 1030(c)(3)(A) (accessing a protected computer without authorization and, by means of such conduct, furthering the intended fraud and obtaining anything of value), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> a.     The defendant knowingly accessed a protected computer without authorization;
>
> b.     The defendant acted with the intent to defraud;
>
> c.     The defendant's unauthorized access furthered the intended fraud; and
>
> d.     The defendant obtained something of value.

### FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a.     Snapchat is smartphone application that allows users to share photos, videos, and messages—called "Snaps"—with other users. Snaps can be directed privately to selected contacts or to a semi-public story. Unless the sender or recipient opts to save a Snap, the Snap is deleted,

2

either after the content is sent (in the case of the sender) or after the content is opened (in the case of the recipient). Snapchat also offers users the ability to save Snaps in a passcode-protected location called "My Eyes Only." Snapchat's servers are used in and affecting interstate and foreign commerce and are therefore protected computers.

b.    From approximately July 2018 until approximately August 2020, in the Western District of New York and elsewhere, the defendant, acting with intent to defraud, devised and executed a scheme to defraud by gaining unauthorized access to, and control of, Snapchat accounts belonging to third parties. After doing so, the defendant often located nude "selfie" photos saved in the victims' My Eyes Only folder, which the defendant then saved to his own phone.

c.    After gaining unauthorized access to a victim's Snapchat account, the defendant typically sent messages from the Snapchat account to the victim's Snapchat contacts. The defendant often sent these messages under the ruse that the first victim needed the second victim's Snapchat login credentials to access the second victim's account. After receiving the second victim's login credentials and gaining unauthorized access to the second victim's Snapchat account, the defendant sent a text message to the second victim using a smartphone application that allowed him to anonymize his true phone number. The text message purported to be from Snapchat Security and requested—as a way of verifying that the second victim's Snapchat account had been legitimately accessed—that the second victim send the passcode for his or her My Eyes Only folder. After the second victim sent his or her My Eyes Only passcode to the defendant, the defendant could, and did, gain unauthorized access to the second victim's My Eyes Only folder, from which he could locate and save the second victim's nude photos. After gaining access to the second victim's Snapchat account, the defendant then repeated this pattern of activity by using the second victim's Snapchat account to contact, and then gain unauthorized access to, Snapchat accounts belonging to the second victim's Snapchat contacts.

d.    By way of example, in December 2019, Victim 1, who lived in the Western District of New York, received a Snapchat message from a Snapchat account belonging to an acquaintance known as Victim 2. The person who contacted Victim 1 from Victim 2's Snapchat account asked Victim 1 for her Snapchat login credentials so that Victim 2 could use Victim 1's Snapchat account to verify whether Victim 2 had been "blocked" by another Snapchat user. Victim 1 sent her Snapchat login credentials to Victim 2. Victim 1 then received a text message purporting

3

to be from Snapchat Security, but which was, in reality, sent from the defendant's smartphone using an application that allowed him to anonymize his true phone number. The text message stated that Victim 1's Snapchat account had been locked and could only be unlocked if Victim 1 provided the passcode for her "My Eyes Only" folder. After gaining access to Victim 1's My Eyes Only folder, the defendant sent an explicit photo of Victim 1 to 116 of Victim 1's Snapchat contacts with a caption reading: "Flash me back if we are besties." Four of Victim 1's Snapchat contacts responded by sending the defendant explicit photos of themselves.

e.      The defendant gained unauthorized access to Snapchat accounts belonging to 14 victims in the Western District of New York. By way of relevant conduct, the defendant admits that he gained unauthorized access to at least 300 Snapchat accounts belonging to victims both in the Western District of New York and elsewhere. The photos the defendant obtained were a thing of value.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.      Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and 1030(c)(4)(A)(i)(VI) (causing the transmission of information, code, or command to intentionally cause, or attempt to cause, damage, without authorization, to ten or more protected computers during a 1-year period).

4

## BASE OFFENSE LEVEL

7.      The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.      The government and the defendant agree that the following specific offense characteristics do apply:

   a.      the 2-level increase pursuant to Guideline § 2B1.1(b)(2)(A)(i) (the offense involved 10 or more victims);

   b.      the 2-level increase pursuant to Guideline § 2B1.1(b)(10), pursuant to which the offense level increases to 12 (the offense involved sophisticated means);

   c.      the 2-level increase pursuant to Guideline § 2B1.1(b)(11)(C)(i) (the offense involved the use of a means of identification to obtain another means of identification); and

   d.      the 2-level increase pursuant to Guideline § 2B1.1(b)(18)(A) (the offense involved obtaining personal information as a result of a violation of 18 U.S.C. § 1030); and

   e.      the 4-level increase pursuant to Guideline § 2B1.1(b)(19)(A)(ii) (the offense of conviction is a violation of 18 U.S.C. § 1030(a)(5)(A)).

## ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15.     In the event that the Court contemplates any Guidelines adjustments, departures or calculations different from those agreed to by the parties, the parties reserve the right to answer any inquires by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which

7

is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

17.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

8

19.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under 20-MJ-5176.

## VII.   APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VIII of this agreement.

21.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above,

notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

23.    The defendant understands, and the parties agree, that the Court must require restitution to be paid to the victim(s), in the amount to be determined at sentencing, as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

24.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination

under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

25.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

26.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

27.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

28.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

29.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## IX. FORFEITURE PROVISIONS

30.     The defendant will admit the Forfeiture Allegation of the Information.  The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following property:

    a.    One Apple iPhone 11, IMEI 353904103449589 bearing serial number FK1ZJBMEN70H; and

   b.   One Apple iPhone X, IMEI 359406086430598 bearing serial number
        DNQVQ7YAJCL8

31.   The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following online account that contain victims' information:

   a.   One Apple iCloud account in the name of AppleID mondore81@hotmail.com.

32.   Since the computer, phone, online account and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the above listed assets and all of the components and related media to the United States pursuant to 18 U.S.C. §1030(i) and will be referenced in the Preliminary Order of Forfeiture and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

33.   The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

34.   After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final

13

as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

35.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

14

## X.   TOTAL AGREEMENT AND AFFIRMATIONS

36.     This plea agreement represents the total agreement between the defendant, DAVID MONDORE, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:      _____
CHARLES M. KRULY
Assistant United States Attorney

Dated: June 16, 2021


I have read this agreement, which consists of pages 1 through 15.  I have had a full opportunity to discuss this agreement with my attorney, Jeffrey T. Bagley, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____           _____
DAVID MONDORE                          JEFFREY T. BAGLEY, ESQ.
Defendant                              Attorney for the Defendant

Dated: June 16, 2021                   Dated: June 16, 2021


15